**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| VERINT AMERICAS INC., d/b/a FORESEE RESULTS,<br>Plaintiff,<br>v.<br>THE REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>Defendant. | Civil Action No. 1:19-cv-02892-JPB |

**DEFENDANT'S UNOPPOSED MOTION FOR DISMISSAL WITHOUT PREJUDICE AND SUBSTITUTION OF SUCCESSOR IN INTEREST**

Pursuant to the Court's April 19 Order (ECF No. 41) and Fed. R. Civ. P. 7(b) and 25(c), Defendant The Regents of the University of Michigan ("U-M") submits this Unopposed Motion for Dismissal Without Prejudice and Substitution.

## I. BACKGROUND

Plaintiff ("Verint") sued U-M to challenge federally registered trademarks—U.S. Trademark Registration Nos. 2,122,772 and 2,122,752 (collectively, the "Registered Trademarks")—that U-M no longer owns. Specifically, Verint's complaint requests cancellation of the Registered Trademarks, a declaration of trademark misuse, and a declaration that Verint does not infringe the Registered Trademarks.

This Court previously dismissed Verint's complaint, finding U-M to be immune under the Eleventh Amendment. (ECF No. 29 at 8 and n.4.) Verint appealed.

Prior to oral argument, U-M assigned the Registered Trademarks to American Customer Satisfaction Index, Inc. ("ACSI"), a non-party private entity.[1] *See* Ex. A (Agreement with ACSI to Assign Registered Trademarks and March 9, 2021 Executed Assignment attached thereto) at 7. Subsequently, the Eleventh Circuit vacated this Court's dismissal order and remanded for this Court to "consider the effect of the University of Michigan's assignment of the trademarks in the first instance." *See* Order on Joint Mot. to Postpone Oral Arg. at 2, *Verint Americas Inc. v. The Regents of the Univ. of Mich.*, No. 20-11193 (11th Cir. Mar. 16, 2021).

As previewed in the Parties' Joint Status Update on The Mootness Issue and Proposed Briefing Schedule (ECF No. 40), U-M now moves for dismissal without prejudice because, since U-M no longer owns the challenged Registered Trademarks, any case or controversy between U-M and Verint is moot. U-M

[1] The Court will recall that ACSI was, prior to the recent assignment, U-M's licensee to the Registered Trademarks and, also, the Plaintiff in a Michigan lawsuit against Verint d/b/a ForeSee. (*See* ECF No. 8 at 1–2.)

further moves pursuant to Fed. R. Civ. P. 25(c) to substitute ACSI in its place as defendant, which will allow the litigation to proceed. Plaintiff Verint has indicated that it does not oppose these motions and ACSI previously agreed to the substitution.[2] As the parties have jointly advised in their Status Update, if this unopposed request for dismissal and substitution is granted, then there will be no need to further address the mootness question. (ECF No. 40 at 3.)

## II. LEGAL STANDARD

Where a change in circumstances during the pendency of the suit removes the case or controversy as to a party, dismissal is appropriate. *See Coral Springs St. Sys. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (when "the parties lack a legally cognizable interest in the outcome," the case no longer presents a "case or controversy" between those parties). When the change of circumstances involves a transfer of the property at issue in the litigation to a third party, the successor in interest may be substituted for the original defendant that assigned the property.[3]

[2] *See* Ex. A, ¶ 8(a).

[3] The decision whether to substitute under Rule 25(c) is discretionary. *See Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n*, 453 F.3d 1309, 1313 (11th Cir. 2006) (district courts have discretion in applying Fed. R. Civ. P. 25(c)); *see also* 6 James Wm. Moore et al., *Moore's Federal Practice*, § 25.34 (2020) ("[T]he court must make a determination . . .

Fed. R. Civ. P. 25(c) provides that "[i]f an interest is transferred . . . the court, on motion, [may] order[] the transferee to be substituted in the action." "Substitution may . . . be necessary when a party is incapable of continuing the suit such as when . . . a transfer of interest in the company or property involved in the suit has occurred." 21 James Wm. Moore et al., *Moore's Federal Practice* § 343.12 (2020). Indeed, Fed. R. Civ. P. 25(c) "is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit." 21 James Wm. Moore et al., *Moore's Federal Practice* § 25.30 (2020); *see also Tesseron, Ltd. v. Oce N.V.*, 110 F. Supp. 3d 1255, 1257 (M.D. Fla. 2015) ("The purpose of Rule 25(c) is to ensure that after litigation commences, the Court, at its discretion, can proceed in an efficient manner with the real parties in interest."). Upon ordering substitution, "the new party steps into the procedural position of the original party [and] [t]he litigation continues from that point." 6 James Wm. Moore et al., *Moore's Federal Practice*, § 25.36 (2020).[4] Accordingly,

---

whether it would best facilitate the conduct of the case to have the transferor remain in the case, substitute the transferee, or joint the transferee and continue with both as parties.").

[4] Because parties to be substituted are nonparties, Fed. R. Civ. P. 25(c) requires service on the non-party as provided in Rule 4 to ensure due process and the right to be heard. *See* Fed. R. Civ. P. 25(a)(3) and (c); *see also* 6 James Wm. Moore et al., *Moore's Federal Practice*, § 25.35[2] (2020).

when a suit involves a particular interest, and that interest is transferred to another party, Rule 25(c) substitution is proper.

## III. ARGUMENT

### A. U-M should be dismissed because it no longer owns the Registered Trademarks

The assignment of the Registered Trademarks to ACSI constitutes a change in circumstances that leaves U-M without "a legally cognizable interest in the outcome" of the litigation. *See Already*, 568 U.S. at 91; *see also Coral Springs*, 371 F.3d at 1328 (change of circumstances during suit leaving a party without a case or controversy warrants dismissal). The assignment leaves U-M—the assignor of the Registered Trademarks—now without any case or controversy as to Verint. After the assignment, ACSI—the owner of the Registered Trademarks—is the only proper party to this proceeding. *See Shima Am. Corp. v. S. M. Arnold, Inc.*, No. 88 C 10064, 1989 U.S. Dist. LEXIS 6732, at *4 (N.D. Ill. June 5, 1989) ("Once all rights and interests in a trademark are validly assigned, the assignor is no longer an indispensable party to an action on that mark."). Accordingly, because U-M no longer owns an interest in the challenged Registered Trademarks, U-M should be dismissed as a party and ACSI should be substituted in its place.

ACSI is the only proper party to defend all three of Verint's claims concerning the Registered Trademarks. Verint's Count I seeks cancellation of the

Registered Trademarks. "Only the trademark registrant, not its exclusive licensee, is the proper party defendant in a claim for cancellation of a registration." 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30:109 n.11 (5th ed. 2020); *see also A.V.E.L.A., Inc. v. The Estate of Marilyn Monroe, LLC*, No. 12 Civ. 4828 (KPF), 2018 U.S. Dist. LEXIS 35536, at *23–26 (S.D.N.Y. Mar. 5, 2018) (the only proper party to defend against a claim of trademark cancellation is the trademark owner). Verint's Count II seeks a declaration of trademark misuse. The remedy for misuse is to bar enforcement of the registered mark. *See* William E. Ridgeway, *Revitalizing the Doctrine of Trademark Misuse,* 21 Berkeley Tech. L.J. 1547, 1583 (2006). But only current owners of registered marks may enforce their marks. *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 710 (11th Cir. 2019), *cert. denied sub nom. Kroma Makeup EU, LLC v. Kardashian*, 140 S. Ct. 381 (2019) (without any affirmative agreement to the contrary, only the trademark owner has standing to assert claims of trademark infringement). Consequently, claims of trademark misuse are properly against the registrant. Verint's Count III seeks a declaration of no infringement of the Registered Trademarks. But only trademark owners may assert claims of trademark infringement. *See id.* (without any affirmative agreement to the contrary, only the trademark owner has standing to assert claims of trademark

infringement); *see also* 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:3 (5th ed. 2020) (only the registrant has standing to sue for infringement); *see also* 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 18:15 (5th ed. 2020) (same).

It follows that assignors of intellectual property are not required parties.[5] *See Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013 (C.D. Cal. 2011), *aff'd*, 738 F.3d 1085 (9th Cir. 2013) (the only proper party to the cancellation proceeding was the assignee of trademark registration, resulting in dismissal of the prior trademark owner from the case); *see also Shima*, 1989 U.S. Dist. LEXIS 6732, at *4 ("Once all rights and interests in a trademark are validly assigned, the assignor is no longer an indispensable party to an action on that mark."); *New World Int'l Inc. v. Ford Glob. Techs, LLC*, No. 3:16-CV-1112-M, 2017 U.S. Dist. LEXIS 41067, at *27 (N.D. Tex. Mar. 22, 2017) *aff'd*, 2018 U.S. App. LEXIS 6476 (Fed. Cir. Mar. 13, 2018) (concluding that plaintiffs' declaratory judgment action solely against the assignor was improper because the assignor no longer held any interest in the patent); 5 J. Thomas McCarthy, *McCarthy on Trademarks*

---

[5] If the Court deems U-M a required party to this proceeding as assignor of the Registered Trademarks, which it should not, then the Eleventh Amendment issues would not be moot and this Court should dismiss U-M because of its immunity under the Eleventh Amendment as it previously did. (*See* ECF No. 29 at 8 and n.4.)

*and Unfair Competition* § 30:109 n.11 (5th ed. 2020). U-M is no longer a required party and dismissal is proper.

**B. The Court should exercise its discretion to substitute ACSI for U-M**

Substitution is in the best interest of all parties and promotes judicial efficiency. Because ACSI is a private party, dismissing U-M and substituting ACSI will allow Verint an opportunity to continue this litigation against the owner of the Registered Trademarks without facing the Eleventh Amendment barrier.

As the successor to the challenged Registered Trademarks, ACSI has the responsibility to defend this litigation. Upon taking assignment of the Registered Trademarks, ACSI—in the agreement with U-M—consented to substitution for U-M in this proceeding. *See* Ex. A, ¶ 8(a). ACSI also "agree[d] that it will not make any effort to keep [U-M] a party to the Georgia Litigation and that it will consent to and not oppose any motion . . . by [U-M] to be dismissed from the Georgia Litigation." *Id.*, ¶ 8(b). Notably, substitution does not prejudice Verint or ACSI because "the new party steps into the procedural position of the original party [and] [t]he litigation continues from that point." 6 James Wm. Moore et al., *Moore's Federal Practice* § 25.36 (2020). Moreover, "[t]he nature of the action, and the relief sought and possible defenses, remain the same regardless of the substitution." *Id.*

Dismissal and substitution also avoids the need to resolve weighty constitutional issues. If U-M is dismissed from the case, there will be no need to revisit the Eleventh Amendment issues that this Court considered when it previously dismissed the action against U-M. Neither will this Court need to decide whether the assignment renders the Eleventh Amendment issues moot. On the other hand, if U-M is not dismissed, then it would, as noted below, reassert its Eleventh Amendment rights. This consideration favors dismissal and substitution.

Accordingly, the Court should exercise its discretion and order Rule 25(c) substitution of ACSI for U-M.

### C. Alternatively, U-M reasserts its Eleventh Amendment Rights

The instant motion is based on the simple notion that U-M should be dismissed for the uncontroversial reason that it no longer owns the Registered Trademarks that Verint seeks to challenge. If this unopposed motion to dismiss and substitute is denied, then U-M reserves and reasserts its Eleventh Amendment rights, as well as all other objections to these proceedings previously raised in its Motion to Dismiss (ECF No. 8). Of course, Verint would presumably oppose this alternative motion.

## IV. CONCLUSION

Accordingly, U-M respectfully requests this Court to dismiss U-M without prejudice and exercise its discretion to substitute in ACSI as the sole defendant.

Dated: April 22, 2021

Respectfully submitted,

*/s/ Lawrence K. Nodine*

Lawrence K. Nodine
Georgia Bar No. 545250
nodinel@ballardspahr.com
Richard W. Miller
Georgia Bar No. 065257
millerrw@ballardspahr.com
Chittam U. Thakore
thakorec@ballardspahr.com
Georgia Bar No. 890965
Alan White
Georgia Bar No. 410546
whiteda@ballardsphar.com
Ballard Spahr LLP
999 Peachtree Street NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 420-9300
Facsimile: (404) 420-9301

*Counsel for Defendant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that **DEFENDANT'S UNOPPOSED MOTION FOR DISMISSAL WITHOUT PREJUDICE AND SUBSTITUTION OF SUCCESSOR IN INTEREST** complies with the font and point selection approved by the Court in LR 5.1(B). The foregoing was prepared using Microsoft Word processing system using the 14-point Times New Roman font.

*/s/ Lawrence K. Nodine*
Lawrence K. Nodine
(Georgia Bar No. 545250)
nodinel@ballardspahr.com
Ballard Spahr LLP

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, a true and correct copy of **DEFENDANT'S UNOPPOSED MOTION FOR DISMISSAL WITHOUT PREJUDICE AND SUBSTITUTION OF SUCCESSOR IN INTEREST** was electronically filed with the Clerk of Court using CM/ECF, which will automatically send an e-mail notification of the filing to all attorneys of record in this case and provided to ACSI via e-mail and U.S. mail in accordance with Fed. R. Civ. P. 4 as required by Fed. R. Civ. P. 25(a)(3) and (c).

*/s/ Lawrence K. Nodine*
Lawrence K. Nodine
(Georgia Bar No. 545250)
nodinel@ballardspahr.com
Ballard Spahr LLP

*Counsel for Defendant*