# EXHIBIT A

# Trademark Assignment Agreement

The Parties to this Agreement are the Regents of the University of Michigan, a Michigan Constitutional Corporation (hereinafter "University") and the American Customer Satisfaction Index, LLC, a limited liability company formed in the state of Michigan (hereinafter "ACSI") (hereinafter, University and ACSI are referred to collectively as "Parties" or individually as "Party" as appropriate in context). This Agreement is effective as of the date of the later most signature below.

**WHEREAS,** University is the owner of United States Trademark Registration Nos. 2,122,772 for ACSI and 2,122,752 for ACSI (and design) and the associated trademarks and goodwill (hereinafter the "Registered Marks");

**WHEREAS**, ACSI wishes to purchase the Registered Marks;

**WHEREAS**, University has previously licensed the Registered Marks to ACSI by "Trademark License Agreement" having an Effective Date of September 16, 2008 (hereinafter the "2008 License Agreement");

**NOW THEREFORE**, the Parties, wishing to be bound, agree as follows:

1.  University agrees to assign to ACSI all rights, title, interest in and to the Registered Marks, and all goodwill associated therewith, and also including the right to sue and collect damages for past infringements. Simultaneously with the execution of this Agreement, both Parties shall execute the Assignment attached as Exhibit A, which University shall record with the United States Trademark Office within five (5) business days of execution by both Parties.

2.  ACSI will pay University $400,000, in United States dollars, as consideration for the assignment according to the following schedule:

    (a)   On March 1, 2022: $40,000;

    (b)   On March 1, 2023: $60,000;

    (c)   On March 1, 2024: $80,000;

    (d)   On March 1, 2025: $100,000;

    (e)   On March 1, 2026: $120,000.

ACSI will pay all applicable taxes, maintenance costs, and any other fees related to the assignment.

3.  The 2008 License Agreement shall terminate effective upon the execution of this Agreement and the Exhibit A Assignment, provided that certain Articles in the 2008 License Agreement that are explicitly identified herein shall have continuing effect as provided herein.

Any Article not explicitly identified as an exception to termination and incorporated herein shall be and is terminated and void.

4.     The consideration required by Section 2 above shall replace and extinguish all obligations under the 2008 License Agreement. For clarity, but without limitation, the Parties agree to cancel and renounce Articles 11.1-11.6 and 11.7(1-2 and 4-6), but not Article 11.7(3).

5.     After the Assignment of the Registered Marks, and the agreed upon termination of the 2008 License Agreement per this Agreement, University shall have no rights or obligations to participate in or share in proceeds from any future efforts to enforce the Registered Marks, except as provided herein. The rights and obligations with respect to pending cases shall be governed as follows:

    (a)     The Parties agree that after termination of the 2008 License Agreement, the terms of Article 8 of that Agreement shall govern the Parties' obligations with respect to the pending litigation styled *American Customer Satisfaction Index, LLC v. Genesys Telecomms Labs, Inc.*, Civil Action No. 4:17-cv-12554 pending in the United States District Court for the Eastern District of Michigan.

    (b)     The Parties acknowledge that the obligation to make payments required by Article 2 shall extinguish any rights or obligations—to the extent any exist—between the Parties with respect to the litigation styled *American Customer Satisfaction Index, LLC v. ForeSee Results, Inc.*, Civil Action No. 2:18-cv-13319, in the United States District Court for the Eastern District of Michigan, *provided* that the provisions of Section 7(c) of this Agreement shall nonetheless apply.

6.     ACSI hereby grants to University, effective immediately after the Assignment is executed, a perpetual royalty free license to Registered Marks for the purpose of promoting research performed at University, subject only to the following:

    (a)     University shall not have any right to sublicense the Registered Marks;

    (b)     ACSI covenants not to sue University for use of Registered Marks;

    (c)     University acknowledges ACSI's right after the Assignment to control the quality of any goods or services offered under the Registered Marks and agrees to comply with all applicable reasonable quality control standards.

7.     The Registered Marks will be assigned "as is" and University makes no warranties or representations concerning the value or validity of the Registered Marks.

    (a)     ACSI acknowledges that Verint Americas, Inc. d/b/a ForeSee Results challenged the validity of the Registered Marks in the case styled *Verint Americas Inc., d/b/a ForeSee Results v. The Regents of the University of Michigan*, Civil Action No. 1:19-cv-02892, USDC N.D. GA now on appeal to the Eleventh Circuit Court of Appeals styled as *Verint Americas, Inc. d/b/a ForeSee Results v. The Regents of the University of Michiga*n, Case No. 20-11193.

(b)     The terms of Articles 9.1-9.4 and 10.1 of the 2008 License Agreement are incorporated herein by reference, with the stipulation that all references to "Licensee" in those Articles shall refer with equal force to ACSI as Assignee under this Agreement. The liability limit in Article 9.5 is terminated and void, and ACSI shall indemnify and hold harmless University from any and all liability related to any claims based on the Registered Marks.

(c)     ACSI shall indemnify and hold University harmless from and against any claims based on the Registered Marks and shall reimburse University for any reasonable attorney's fees or expenses related to future participation by University in any litigation related to the Registered Marks, such as, without limitation, responding to subpoenas for documents or testimony.

(d)     ACSI shall purchase or maintain in effect a policy of product liability, completed operations and/or errors and omissions insurance, whichever is applicable to such activity. Each such insurance policy must provide reasonable coverage for all claims with respect to the use, display or performance of the Registered Marks.

8.     The Parties acknowledge that University is currently a party to an appeal in the United States Court of Appeals for the Eleventh Circuit, styled *Verint Americas, Inc. d/b/a ForeSee Results v. The Regents of the University of Michigan*, Case No. 20-11193 (hereinafter the "Georgia Litigation").

(a)     ACSI agrees to consent to be substituted for University in the appeal and/or any subsequent district court proceedings in the Georgia Litigation to the extent required by Fed. R. App. P 43(b) or Fed. R. Civ. P. 25(c). In the event either University or Verint Americas files a request to substitute ACSI for University in either the Eleventh Circuit or the underlying District Court action, ACSI agrees that it will consent to and not oppose the substitution. ACSI will cooperate with University to effect substitution.

(b)     ACSI agrees that it will not make any effort to keep University a party to the Georgia Litigation and that it will consent to and not oppose any motion or other request by University to be dismissed from the Georgia Litigation.

(c)     ACSI reserves the right to assert after substitution all available objections and defenses to the claims asserted in the Georgia Litigation, including objections to personal jurisdiction and any valid objection to declaratory judgment proceedings.

## Other Terms

9.     This Agreement shall be construed, governed, interpreted and applied according to United States and State of Michigan law.

10.    The parties hereby consent to the jurisdiction of the courts in the State of Michigan over any dispute concerning this Agreement or the relationship between the Parties. Should ACSI bring any claim, demand or other action against University, its Regents, fellows, officers, employees or agents, arising out of this Agreement or the relationship between the parties, ACSI agrees to bring said action only in the Michigan Court of Claims.

11.     University and ACSI agree that this Agreement sets forth their entire understanding concerning the subject matter of this Agreement, and no modification of the Agreement will be effective unless both University and ACSI agree to it in writing.

12.     If a court of competent jurisdiction finds any term of this Agreement invalid, illegal or unenforceable, that term will be curtailed, limited or deleted, but only to the extent necessary to remove the invalidity, illegality or unenforceability, and without in any way affecting or impairing the remaining terms.

13.     No waiver by either party of any breach of this Agreement, no matter how long continuing or how often repeated, is a waiver of any subsequent breach thereof, nor is any delay or omission on the part of either party to exercise or insist on any right, power, or privilege hereunder a waiver of such right, power or privilege. In no event shall any waiver be deemed valid unless it is in writing and signed by an authorized representative of each party.

14.     ACSI agrees to refrain from using and to require its licensees to refrain from using the name of University in publicity or advertising without the prior written approval of University. Reports in scientific literature and presentations of joint research and development work are not publicity. Notwithstanding the above, without written approval from University, ACSI and its licensees may state publicly (if factually correct) that their relevant products or services relate to technology developed at the University of Michigan. Any such public statements as to the origin of such products or services shall not state or imply that University endorses those products or services.

**WHEREFORE**, the Parties signify their agreement by affixing their signatures below.

FOR:
AMERICAN CUSTOMER SATISFACTION
INDEX, LLC

By _David E. VanAmburg_
(authorized representative)

Typed Name _David VanAmburg_

Title _Managing Director_

Date _3/8/21_

FOR:
THE REGENTS OF THE
UNIVERSITY OF MICHIGAN

By _Bryce Pilz_
(authorized representative)

Typed Name _Bryce Pilz_

Title _Director of Licensing_

Date _3/9/2021_

4

# Exhibit A

## TRADEMARK ASSIGNMENT

**WHEREAS**, the Regents of the University of Michigan, the Michigan Constitutional Corporation, (hereinafter "Michigan") is the owner of United States Trademark Registration No. 2,122,772 for ACSI and United States Trademark Registration No. 2,122,752 for ACSI (and design) (hereinafter "Registered Marks)

**WHEREAS**, American Customer Satisfaction Index, LLC, a limited liability company formed in the state of Michigan (hereinafter "ACSI") wishes to purchase the Registered Marks

For good and valuable consideration, the sufficiency of which the parties hereto stipulate, Michigan hereby assigns to ACSI all rights, title, and interest in and to the Registered Marks, and all goodwill associated therewith, and also including the right to sue and collect damages for past infringement of the Registered Marks.

This assignment is effective as of the date of the later of the two execution signatures below.

FOR:
AMERICAN CUSTOMER SATISFACTION
INDEX, LLC

By _____
(authorized representative)

Typed Name David VanAmburg

Title Managing Director

Date 3/8/21

FOR:
THE REGENTS OF THE
UNIVERSITY OF MICHIGAN

By _Bryce Pilz_____
(authorized representative)

Typed Name Bryce Pilz

Title Director of Licensing

Date 3/9/2021

2