UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VERINT AMERICAS INC. d/b/a FORESEE RESULTS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CUSTOMER SATISFACTION INDEX LLC,<br><br>Defendant. | CIVIL ACTION NO. 1:19-CV-02892-JPB |

# ORDER

This matter is before the Court on American Customer Satisfaction Index LLC's ("Defendant") Motion to Dismiss or Stay [Doc. 53] and Verint Americas Inc.'s ("Plaintiff") Motion to Conduct Jurisdictional Discovery [Doc. 57]. This Court finds as follows:

## BACKGROUND

In the mid-1990's, Dr. Claes Fornell and the University of Michigan introduced a new customer satisfaction index called the American Customer Satisfaction Index ("ACSI"). [Doc. 46, p. 1]. This case involves two trademark

registrations[1] related to the ACSI which were obtained by the University of Michigan in 1997.  Id. at 2.  In 2008, the University of Michigan granted Defendant the exclusive right to sublicense the trademarks and to police the use of the trademarks.  Id. at 2-3.  Thereafter, in 2012, Defendant granted Plaintiff a sublicense to use the trademarks.  Id. at 3.  Plaintiff terminated that sublicense on December 8, 2013.  Id.

On October 24, 2018, Defendant sued Plaintiff in the United States District Court for the Eastern District of Michigan alleging trademark infringement under 15 U.S.C. § 1114, unfair competition under § 1125 and common law claims.  Id. at 4.  The trademark infringement claim was dismissed on standing grounds after the court determined that an exclusive licensee does not have standing to bring an infringement claim under the Lanham Act.[2]  Id.  Other claims remain pending, however, including the unfair competition claim.[3]

---

[1] The two trademark registrations are as follows:  (1) U.S. Trademark Registration No. 2,127,772 and (2) U.S. Trademark Registration No. 2,122,752.
[2] The claim was not dismissed until July 25, 2019—a month after this action was filed.  Opinion and Order, Am. Customer Satisfaction Index, LLC v. Foresee Results, Inc., No. 2:18-CV-13319 (E.D. Mich. July 25, 2019), ECF No. 37.
[3] Review of the Michigan docket indicates that on February 14, 2022, the Michigan court entered a ruling on competing motions for summary judgment.  Opinion and Order, Am. Customer Satisfaction Index, LLC v. Foresee Results, Inc., No. 2:18-CV-13319 (E.D. Mich. Feb. 14, 2022), ECF No. 167.  Currently, a motion for reconsideration remains pending.

Even though litigation regarding the trademarks was already pending in the Eastern District of Michigan, on June 25, 2019, Plaintiff sued the University of Michigan in this Court seeking a declaration that: (1) the University of Michigan had misused and abandoned its rights in the trademarks; (2) the trademarks are cancelled; and (3) Plaintiff had not infringed on the trademarks. [Doc. 1]. On February 25, 2020, this Court dismissed Plaintiff's claims after finding that the University of Michigan had Eleventh Amendment immunity. [Doc. 29]. While the case was pending before the Eleventh Circuit Court of Appeals, the University of Michigan assigned all rights in the trademarks to Defendant. As a result, the Eleventh Circuit remanded the case to this Court to consider the effect of that assignment. [Doc. 37].

On May 17, 2021, the parties agreed to dismiss the claims against the University of Michigan and substitute Defendant as a defendant in this matter. Thereafter, on June 16, 2021, Plaintiff filed an Amended Complaint for Declaratory Judgment against Defendant. [Doc. 46]. In the Amended Complaint, Plaintiff seeks a declaration that: (1) the trademarks were abandoned and should therefore be cancelled; (2) the trademarks were misused; and (3) Plaintiff did not infringe on the trademarks. Id.

On July 21, 2021, Defendant filed a Motion to Dismiss or Stay. [Doc. 53]. On August 4, 2021, Plaintiff filed a Motion to Conduct Jurisdictional Discovery. [Doc. 57]. Both motions are ripe for review.

## ANALYSIS

Defendant asserts several different grounds for dismissal in its Motion to Dismiss, including the first-to-file rule. Because the first-to-file rule is dispositive, it is the only argument that will be addressed.

The first-to-file rule "provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." Collegiate License Co. v. Am. Cas. Co. of Reading, 713 F.3d 71, 78 (11th Cir. 2013). Indeed, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). "The primary purposes of the rule are to conserve judicial resources and avoid conflicting rulings." Supreme Int'l Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 606 (S.D. Fla. 1997). The first-filed rule was designed to prevent lawsuits on identical issues proceeding simultaneously in separate courts. Id. at 606-07. Significantly, if the rule applies, the second-filed case should be "dismissed or transferred to the district where the

4

first-filed case is pending." Elliott v. Williams, 549 F. Supp. 3d 1333, 1338 (S.D. Fla. 2021).

In determining whether the rule applies, courts should consider: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." Women's Choice Pharms., LLC v. Rook Pharms., Inc., No. 16-cv-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016). "Notably, the first-to-file rule *doesn't* require that 'the parties and issues involved be identical'; it requires only that 'they are sufficiently similar or substantially overlap.'" Elliott, 549 F. Supp. 3d at 1349 (quoting Vital Pharms. Inc. v. PHD Mktg., No. 0:20-cv-60993, 2020-WL 6162794, at *1 (S.D. Fla. July 28, 2020)).

This Court finds that Defendant has established the three requirements of the first-to-file rule by showing that a previously filed case exists with substantially similar parties and issues. As to the first factor, the Michigan case was filed in 2018, and this action was filed in 2019. Thus, the Michigan case is the first filed case. As to the second factor, the similarity of the parties, this Court recognizes that Defendant was not originally a party to this action—instead, the University of Michigan was the named party. Significantly, the parties are now identical. As to the final factor, it is beyond doubt that the issues are similar as both cases involve whether the trademarks were infringed by Plaintiff. More particularly, in Count 1

of this action, Plaintiff seeks a declaratory judgment of abandonment and cancellation of the trademarks. Plaintiff, however, raised the issue of abandonment in its answer in the Michigan action. Moreover, the Michigan court addressed the abandonment defense and the validity of the trademarks in its Opinion and Order on the pending motions for summary judgment. Opinion and Order, Am. Customer Satisfaction Index, LLC v. Foresee Results, Inc., No. 2:18-CV-13319 (E.D. Mich. Feb. 14, 2022), ECF No. 167, p. 19. Similarly, as to Count 3 of this action, Plaintiff seeks a declaratory judgment that it has not infringed on the trademarks. In the Michigan case, Defendant sought a ruling that Plaintiff did infringe on the trademarks. At bottom, the two cases raise almost identical issues, and the Michigan action was filed first. Both actions relate to the validity of the trademarks and whether Plaintiff infringed on those trademarks. Certainly, the facts and legal issues presented in both suits are likely to substantially overlap.

Once a court determines that the first-filed rule applies and a case should be transferred, the burden shifts to the plaintiff to show that "compelling circumstances" warrant an exception to the rule. Manuel, 430 F.3d at 1135. By improperly arguing that the Georgia case was actually the first filed case,[4] Plaintiff

---

[4] Plaintiff argues that the Georgia case was filed first because the parties and claims in this action are slightly different. The relevant inquiry before the Court, however, is whether the issues are sufficiently similar or substantially overlap.

has not satisfied its burden to show compelling circumstances. Accordingly, this Court finds that this matter should be transferred to the Eastern District of Michigan. That court can then decide whether the cases should proceed independently or be consolidated.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss or Stay [Doc. 53] is **GRANTED** in part, and Plaintiff's Motion to Conduct Jurisdictional Discovery [Doc. 57] is **DENIED** as moot. Instead of dismissing this matter, this action is **TRANSFERRED** to the Eastern District of Michigan. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 15th day of March, 2022.

J. P. BOULEE
United States District Judge